**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 22-4415**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JANGO OMAR TOURAY,

Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (3:19-cr-00151-RJC-DCK-1)

---

Submitted:  June 21, 2024                        Decided:  July 1, 2024

---

Before NIEMEYER and HARRIS, Circuit Judges, and MOTZ, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:**  Sophia L. Harvey, LIAO HARVEY PC, Winston-Salem, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jango Omar Touray pleaded guilty pursuant to a plea agreement to two counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). The district court sentenced Touray to concurrent 84-month terms for the robbery offenses and a consecutive 84-month term for the firearm offense, to be followed by concurrent supervised release terms of three years. On appeal, Touray's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the court abused its discretion in denying Touray's motion to withdraw his guilty plea and in applying two sentencing enhancements, and whether the below-Sentencing Guidelines sentence is reasonable. Touray was notified of his right to file a pro se supplemental brief but has not done so. The Government has declined to file a brief. We affirm.

"A defendant has no absolute right to withdraw a guilty plea, and the district court has discretion to determine whether there exists 'a fair and just reason for withdrawal.'" *United States v. Walker*, 934 F.3d 375, 377 n.1 (4th Cir. 2019) (internal quotation marks omitted). "[T]he defendant has the burden of showing a fair and just reason for withdrawal." *United States v. Ubakanma*, 215 F.3d 421, 424 (4th Cir. 2000). We have articulated a list of factors for consideration in determining whether a defendant has met his burden:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or otherwise involuntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between

2

entry of the plea and filing of the motion; (4) whether the defendant has had close assistance of counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether withdrawal will inconvenience the court and waste judicial resources.

*Id.* (citing *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991)). "The most important consideration in resolving a motion to withdraw a guilty plea is an evaluation of the [Fed. R. Crim. P.] 11 colloquy at which the guilty plea was accepted." *United States v. Nicholson*, 676 F.3d 376, 384 (4th Cir. 2012) (internal quotation marks omitted). We review the denial of a motion to withdraw a guilty plea for abuse of discretion. *Id.* at 383.

We have reviewed the Rule 11 proceeding and conclude that Touray's guilty plea was knowing and voluntary and the offenses to which he pleaded guilty were supported by a sufficient factual basis. We further conclude that Touray failed to credibly assert his legal innocence. Touray waited nearly two years to move to withdraw his guilty plea. We agree with the district court that permitting withdrawal of the guilty plea at this late date would prejudice the Government and waste the court's judicial resources, given that Touray did not credibly assert his innocence. Accordingly, we conclude that the court did not abuse its discretion in denying the motion to withdraw the guilty plea.

We "review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020). We must first "evaluate procedural reasonableness, determining whether the district court committed any procedural error, such as improperly calculating the Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence." *Id.* (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). If the district court

3

committed no significant procedural error, this Court then assesses the substantive reasonableness of the sentence. *Id.* Substantive reasonableness review "takes into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Id.* (internal quotation marks omitted). "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citation omitted).

Touray's counsel questions whether the district court erred in applying to each robbery a two-point enhancement for restraining the victims, U.S. Sentencing Guidelines Manual § 2B3.1(b)(4)(B) (2018), and a two-point enhancement for carjacking, USSG § 2B3.1(b)(5), applied to the robbery of the Maserati. Upon review, we conclude that the record supports these enhancements. At both robberies, Touray forced victims to the floor at gunpoint and ordered them to stay there. This sufficiently shows that the victims were physically restrained to facilitate the robberies and Touray's escape. *See United States v. Dimache*, 665 F.3d 603, 606-07 (4th Cir. 2011). And at the first robbery, Touray restrained the victims and then forced one of the victims to hand over the keys to the Maserati parked outside near the door. This evidence sufficiently supports the enhancement for carjacking.

The district court properly calculated the applicable Guidelines range, listened to the parties' arguments and Touray's allocution, considered the § 3553(a) factors, and explained its reasons for imposing a below-Guidelines sentence. Touray's sentence is both

4

procedurally and substantively reasonable.  We therefore discern no abuse of discretion in the imposition of Touray's sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal.  We therefore affirm the district court's judgment. We also deny Touray's motion to reconsider.  This court requires that counsel inform Touray, in writing, of the right to petition the Supreme Court of the United States for further review.  If Touray requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Touray.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*